IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

P.B. SURF, LTD., et al.,            )
                                    )
    Plaintiffs,                     )
                                    )
vs.                                 )   Civil Action Number
                                    )   2:11-cv-3925-LSC
SAN PALOMA PARTNERS, L.P.,          )
et al.,                             )
                                    )
    Defendants.                     )

MEMORANDUM OPINION

I.    Introduction

Before the Court is American Fidelity Life Insurance Company's ("American Fidelity") Motion to Intervene. (Doc. 50.) The Motion is fully briefed and ripe for adjudication. (Docs. 66, 67, & 69.) Upon consideration of the submissions of the parties and the relevant law, American Fidelity's Motion to Intervene is due to be DENIED.

II.    Background

The Court begins by setting forth the relevant facts. Plaintiff David Brannen and a company he partially owned, Poydras Holdings, LLC ("Poydras Holdings"),

executed a promissory note in favor of American Fidelity in Florida in December 2006. (Doc. 50 at 3.) Plaintiff P.B. Surf, Ltd. ("P.B. Surf") secured the debt by pledging property it owned in Biloxi, Mississippi. (*Id.*) When Brannen and Poydras Holdings failed to pay the indebtedness due upon maturity of the promissory note, American Fidelity filed suit in the Circuit Court of Escambia County, Florida, to recover the money owed to it. (*Id.* at 4.) The Florida court granted summary judgment to American Fidelity upon its motion and entered a final judgment against Brannen and Poydras Holdings in the amount of $7,230,376.93. (*Id.*) American Fidelity recorded the judgment and sold P.B. Surf's property, crediting the amount to Brannen and Poydras Holdings. (*Id.* at 5.)

Following entry of the judgment in the Florida case, American Fidelity filed two motions seeking charging orders to intercept any proceeds due to Brannen from his companies, which the Florida court granted. (*Id.*) Under the charging orders, American Fidelity has a lien on Brannen's interest in nineteen Florida companies, not including P.B. Surf; American Fidelity is to receive "any and all proceeds, distributions, dividends and other payments due" to Brannen as a member of any of the listed companies; and none of the companies listed are to grant or extend any loans to Brannen. (*Id.* at 5–6.) The orders do not include P.B. Surf, but some companies

referenced in the orders have an ownership interest in P.B. Surf. (*Id.* at 6.)

Later, P.B. Surf contributed the entire capital amount that San Paloma Partners, L.P. ("San Paloma") used to purchase a Texas apartment complex (the "San Paloma property"). (Doc. 67 at 2.) Grandbridge Real Estate Capital, LLC ("Grandbridge"), a real estate service firm, then serviced a loan (the "San Paloma loan") by JP Morgan Chase Bank to San Paloma, which was secured by the San Paloma property. (Doc. 1 ¶ 11.) In October 2011, San Paloma closed the sale of the San Paloma property, which resulted in approximately $3.8 million in net proceeds. (Doc. 67 at 1.) Grandbridge held $1,561,704.80 of these proceeds, the interpleaded funds which are the subject of this lawsuit, in escrow and reserve funds for the benefit of San Paloma pursuant to the terms of the San Paloma loan documents. (*Id.* at 1–2; Doc. 1 ¶ 13.)

Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Grandbridge filed the present interpleader action against San Paloma, P.B. Surf, WCHYP II Lender, LLC ("WCHYP"), Guy Savage, William Noltes, and Brannen. (Doc. 1.) San Paloma was included based upon its interest in the San Paloma property and the San Paloma loan. (*Id.*) Noltes and Savage were included based on their status as principals and representatives of San Paloma, as well as on a letter they sent directing Grandbridge to wire the escrow funds to a bank account owned by San Paloma. (*Id.*) Brannen and

P.B. Surf were included based on an e-mail Brannen sent informing Grandbridge that Brannen was the proper owner of the funds. (*Id.*) Brannen and P.B. Surf's position has since been clarified. They now contend that upon sale of the San Paloma property, P.B. Surf, not Brannen, "was contractually entitled to its initial investment [of $5.9 million] plus interest before anyone else received a capital distribution." (Doc. 67 at 2.) P.B. Surf asserts that because the proceeds from the sale were less than its initial contribution, it was entitled to the entire amount. (*Id.*) WCHYP was included based on a letter it sent advising Grandbridge that charging orders had been granted regarding a judgment WCHYP held against Savage, Noltes, and Brannen (the "WCHYP judgment"). (Doc. 1.) The charging orders prohibited Grandbridge "from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtors." (Doc. 1 at 19, 28, 37.) Fredric Levin was later substituted for WCHYP because WCHYP assigned all of its rights and interest in the WCHYP judgment to Levin for a substantial sum of money. (Doc. 60 at 2; Doc. 64.) Savage has since been dismissed after withdrawing any claim to the interpled funds. (Doc. 65.)

American Fidelity, however, now claims an interest in the interpleaded funds, as well, based on its Florida judgment against Brannen and Poydras Holdings. (Doc.

50 at 8.) American Fidelity seeks to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) or alternatively as a permissive intervention under Federal Rule of Civil Procedure 24(b). (*Id.* at 10–11.)

III.   Discussion

   A.   Intervention as of Right

"To intervene of right under Rule 24(a)(2), a party must establish that '(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.'" Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1302–03 (11th Cir. 2008) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)); FED. R. CIV. P. 24(a). *Davis v. Butts*, 290 F.3d 1297, 1300 (11th Cir. 2002). American Fidelity has failed to establish that it meets these requirements for two reasons.

First, American Fidelity has failed to establish an adequate interest in the property that is the subject of this suit. In the Eleventh Circuit, a party's interest in the subject matter of the litigation must be "direct, substantial and legally protectable." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1249 (11th Cir.

2002). Although American Fidelity has a judgment against Brannen, it does not have a judgment against any party claiming an interest in the interpleaded funds. American Fidelity only has an interest in the funds if they end up in Brannen's possession; however, this is purely speculative. There is no possibility that Brannen will directly receive funds by judgment of this Court, and the possibility that Brannen will receive any portion of the funds from P.B. Surf is too remote to provide support for American Fidelity's right to intervene. Thus, American Fidelity has no direct interest in the interpleaded funds, and it cannot intervene as of right.

      Second, American Fidelity has also failed to establish that disposition of this action will impair or impeded its ability to protect its interests. American Fidelity has a judgment from the Florida court against Brannen. It also has charging orders from that court that prohibit Brennan from receiving funds from companies affiliated with him, not including P.B. Surf. Disposition of this action will not directly result in Brannen receiving funds, nor will it result in any of the companies in the charging orders paying money to Brannen. In the event that Brannen later receives funds from any party in this action, American Fidelity can protect its interests by asserting the Florida judgment against him at that time. Thus, disposition of this action will not impair or impede American Fidelity's ability to protect its interests, and it cannot

intervene in this action as of right.

B.   Permissive Intervention

Federal Rule of Civil Procedure 24(b) allows for permissive intervention (1) if the application to intervene is timely; (2) if the intervenor's claim or defense and the main action have a common question of law or fact; and (3) if the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d at 1249–50.  This Court has discretion to deny intervention even if the requirements are met.  *Chiles*, 865 F.2d at 1213.

American Fidelity has failed to establish that its intervention will not unduly delay the adjudication of the rights of the original parties. In filing this motion, American Fidelity seeks to claim an interest in the interpleaded funds based on the Florida judgment against Brannen and the charging order listing nineteen companies, not including P.B. Surf. The parties claiming rightful ownership of the funds are P.B. Surf and Levin. Brannen does not claim an interest in the interpleaded funds; therefore, the determination of the rightful owner of the interpleaded funds will have no effect on American Fidelity's judgment against Brannen. Allowing American Fidelity to intervene in this matter will delay the adjudication of P.B. Surf and Levin's rights to the interpleaded funds, but American Fidelity will ultimately be dismissed for

failure to state a claim. Because granting the motion will unduly delay the adjudication of P.B. Surf and Levin's rights, American Fidelity cannot permissively intervene in this action.

Additionally, this may be an appropriate situation for the Court to exercise its discretion in determining whether to grant or deny the motion to intervene. In this case, the Florida judgment against Brannen will have no effect on the determination of the rightful owner of the interpleaded funds since P.B. Surf is not listed in the charging order and Brannen has no claim to the funds. Thus, even if American Fidelity met the requirements for permissive intervention, this is an appropriate situation for the Court to exercise its discretion and deny American Fidelity's motion to intervene.

IV.   Conclusion

American Fidelity does not have a legally protectable interest in the interpleaded funds that are the subject of this suit, and disposition of this action will not impair or impede its ability to protect its interests, making intervention as of right inappropriate.  Further, allowing American Fidelity to intervene would unduly delay the adjudication of the rights of P.B. Surf and Levin, making permissive intervention inappropriate.  For the foregoing reasons, American Fidelity's Motion to Intervene (Doc. 50) is due to be DENIED.  A separate order will be entered consistent with this

Opinion.

Done this 9th day of November 2012.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

171032